IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEITH W. MILLER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:19-cv-00642 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ADRIANNE L. BENNETT, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff Keith W. Miller, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against Adrianne L. Bennett. At the time the action was filed, Bennett served as the Chair of the Virginia Parole Board ("Parole Board"). Miller seeks to be released on parole and recover monetary damages. The case is presently before the court on Bennett's motion for summary judgment. For the reasons set forth below, the motion will be granted.[1]

I.   BACKGROUND

A.   Miller's Verified Complaint

Miller's verified complaint contains very few allegations. Miller initially alleges that he was "suppose[d] to be home 7 months ago" and that he has written to Bennett on several occasions. (Compl. ¶ E [ECF No. 1].) Miller then alleges that he had a parole hearing but "never

---

[1] Miller's complaint does not specify whether Bennett is sued in her official or individual capacity. Because a state official acting in her official capacity is not amenable to suit under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and since the form of injunctive relief requested by Miller is unavailable under § 1983 for the reasons explained herein, the court need not substitute the current Chair of the Parole Board under Federal Rule of Civil Procedure 25(d). *See Hagan v. Quinn*, 867 F.3d 816, 819 n.2 (7th Cir. 2017) (finding substitution unnecessary since the plaintiffs had no viable claim against the defendants in their official capacities).

received an answer whether [parole] was granted or not." (Attach. to Compl. [ECF No. 1-1].) Miller further alleges that he is "suppose[d] to go up for parole once every 6 months" and that he has "been incarcerated 15 months." (*Id.*) In his request for relief, Miller states that he wants to be released from incarceration and recover monetary damages. Compl. ¶ F.)

### B. Bennett's Evidence

In support of her motion for summary judgment, Bennett has submitted an affidavit from Tonya D. Chapman, the current Chair of the Parole Board. According to Chapman's affidavit, "Miller was released on mandatory parole on August 10, 2012, with a minimum expiration date scheduled for August 10, 2022." (Chapman Aff. ¶ 4, Feb. 24, 2021 [ECF No. 20-1].) On July 9, 2018, Miller appeared for a preliminary parole violation hearing. (*Id.* ¶ 5.) The hearing officer found probable cause to believe that Miller had violated certain conditions of his supervision. (*Id.*) Rather than forwarding the case to the Parole Board to consider revoking parole, the hearing officer imposed additional parole conditions, including a condition prohibiting Miller from having contact with an individual with whom Miller had admitted using drugs. (*Id.*) Miller failed to comply with that condition, and "a PB-15 was authorized for his arrest." (*Id.*)

On October 17, 2018, Miller appeared for a final parole violation hearing at the Blue Ridge Regional Jail. (*Id.* ¶ 6.) The parole examiner recommended that parole be revoked. (*Id.*) By letter dated November 14, 2018, the Parole Board notified Miller of its decision to revoke his parole. (*Id.*; *see also* Chapman Aff. Enclosure A [ECF No. 20-1].) The letter noted that, because Miller had violated a "technical condition of parole," his case would be "reviewed

with a progress report in six months if [he was] otherwise eligible for parole." (Chapman Aff. Enclosure A.)

The six-month "desk review"[2] was delayed until September 2019, when the Parole Board received a progress report from the regional jail where Miller was incarcerated. (Chapman Aff. ¶ 8.) By letter dated March 6, 2020, the Parole Board advised Miller of its decision to deny parole. (Chapman Aff. Enclosure B [ECF No. 20-1].) The letter listed the following reasons for the Parole Board's decision:

- Your prior failure(s) and/or convictions while under community supervision indicate that you are unlikely to comply with your conditions of release.

- The Board concludes that you should serve more of your sentence prior to release on parole.

- Release at this time would diminish seriousness of crime

- Extensive criminal record

(*Id.*)

Miller was most recently interviewed for discretionary parole on November 16, 2020, after Chapman replaced Bennett as Chair. (Chapman Aff. ¶¶ 1, 10.) By letter dated January 7, 2021, the Parole Board advised Miller of its decision to deny parole. (Chapman Aff. Enclosure C [ECF No. 20-1 at 9].) The letter explained that the Parole Board's decision was "based primarily on the following reasons":

- Your prior failure(s) and/or convictions while under community supervision indicate that you are unlikely to comply with your conditions of release.

---

[2] According to Chapman's affidavit, a "desk review" is "a review conducted based on updated progress reports, but without the benefit of an interview." (Chapman Aff. ¶ 8, n.1.)

- Serious nature and circumstances of your offense(s).

- The Board concludes that you should serve more of your sentence prior to release on parole.

(*Id.*)

*Miller* will be reviewed for discretionary parole again during the fourth quarter of 2021. (Chapman Aff. ¶ 11.) At that time, the Parole Board "will conduct a thorough review of all available information pertaining to his individual case." (*Id.*)

### C. Miller's Response

On March 8, 2021, Miller filed an "Opposition to Defendant's Answer," in which he alleges that he never received "any letter from March 6, 2020," or "the alleged letter dated January 7, 2021." (Pl.' Opp'n Br. pgs. 1–2 [ECF No. 22].) Miller further alleges that he was advised during his November 2020 parole hearing that "he would probably be released in the next month or so." (*Id.*) The opposition brief is not signed under penalty of perjury, however, nor is it accompanied by an affidavit.[3]

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[3] The court also notes that the opposition brief appears to assert new claims that exceed the scope of Miller's original complaint. For instance, Miller alleges that he contracted COVID-19 at a local jail; that he suffers from preexisting medical conditions that pose a risk of serious harm; and that "[t]his lack of due process could be a death sentence along with [an] ADA violation." (Pl.'s Opp'n Br. pgs. 2–3.) "It is well-established that parties cannot amend their complaints through briefing . . . ." *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). The rule is no different for *pro se* plaintiffs. *See Chaney v. United States*, 658 F. App'x 984, 988 (11th Cir. 2016) (emphasizing that a *pro se* plaintiff "must follow procedure rules" and therefore "cannot raise new claims in his brief opposing summary judgment"). Accordingly, the court declines to consider any new claims presented in response to Bennett's motion for summary judgment. If Miller wishes to pursue additional claims, he must file a new complaint.

matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248–49).

When ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020). To withstand summary judgment, the nonmoving party must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. Anderson, 477 U.S. at 248. "As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like respond to the motion." Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). A verified complaint, however, "is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Id.* Accordingly, to the extent Miller's verified complaint contains allegations based on personal knowledge, the court will consider such allegations in ruling on the pending motion for summary judgment. On the other hand, Miller's unsworn brief in opposition "cannot be considered" by the court.[4] *Washington v. City of Charlotte*, 19 F. App'x 273, 277 (4th Cir. 2008) (citing *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)).

---

[4] Even if the court could consider the additional allegations in Miller's unsworn response, they would not alter the outcome of this decision.

### III. ANALYSIS

Miller seeks injunctive relief and monetary damages under 42 U.S.C. § 1983. "Section 1983 . . . is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." *Safar v. Tingle*, 859 F.3d 241, 243 (4th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)). The statute imposes liability on any person who, under color of state law, deprives another person of any rights and privileges secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must show that he was deprived of a federal or statutory right and that the deprivation was committed under color of state law. *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). The plaintiff must also establish that the defendant "acted personally in the deprivation of the plaintiff['s] rights." *Wilcox v Brown*, 877 F.3d 161, 170 (4th Cir. 2017). "The doctrine of *respondeat superior* has no application under" § 1983. *Id.* (internal quotation marks and citations omitted).

Bennett has moved for summary judgment on multiple grounds. Among other arguments, Bennett contends that Miller has no constitutional right to be released on parole or reviewed for parole every six months; that Miller has been reviewed for parole in accordance with any due process requirements; that Miller has not shown that Bennett acted personally in the alleged deprivation of his rights; and that she is entitled to quasi-judicial immunity for any decisions made during her appointment to the Parole Board. Having reviewed the record and applicable law, the court agrees with Bennett and will grant her motion for summary judgment.

"It is well-established in the context of parole that '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a

valid sentence.'" *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (quoting *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). "With no constitutional right to parole per se, federal courts recognize due process rights in an inmate only where the state has created 'a legitimate claim of entitlement' to some aspect of parole." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996) (quoting *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991) (en banc). Because the decision whether to grant parole is a discretionary one under Virginia law, a Virginia inmate does not have a protected interest in parole release. *Burnette*, 687 F.3d at 181. Instead, Virginia law only "gives rise to a limited interest in consideration for parole." *Id.* To protect this limited interest, "procedural due process requires no more than a statement of reasons indicating to the inmate why parole has been denied." *Bloodgood v. Garraghty*, 783 F.2d 470, 473 (4th Cir. 1986); *see also Burnette*, 687 F.3d at 182.

Against this backdrop, the court concludes that Miller has failed to establish an actionable due process claim against Bennett. Miller has no protected liberty interest in being granted discretionary parole or in being considered for parole every six months. As a general rule, the Parole Board is required to consider parole-eligible inmates on an *annual* basis. *See* Va. Code § 53.1-154. This statutory requirement, however, does not give rise to a protected liberty interest. "Because the . . . 'right' to annual parole review . . . is a procedural function of Virginia's parole scheme rather than a substantive right unto itself, the Constitution does not afford that 'right' any protection under the Due Process Clause." *Hill v. Jackson*, 64 F.3d 163, 171 (4th Cir. 1995). Therefore, to the extent Miller challenges the frequency of his parole reviews, he has no actionable claim under § 1983. Likewise, § 1983 cannot be used to challenge

- 7 -

"the denial of parole itself" or to obtain release from incarceration.[5] *Overman v. Beck*, 186 F. App'x 337, 338 (4th Cir. 2006); *see also Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (explaining that "a § 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement.") (internal quotation marks and citations omitted).

As indicated above, an inmate is entitled to a statement of reasons indicating why parole has been denied. *Bloodgood*, 783 F.2d at 473; *see also Vann*, 73 F.3d at 522 ("At most, we have held that parole authorities must furnish to the prisoner a statement of its reasons for denial of parole.") (internal quotation marks and citations omitted). Bennett has produced copies of letters dated March 6, 2020, and January 7, 2021, which advised Miller of the Parole Board's decision to deny parole on each occasion and identified specific reasons for the Parole Board's decision. (*See* Chapman Aff. Enclosures B & C.) To the extent Miller contends that he was unaware of either decision by the Parole Board until after this action was filed, Miller has failed to demonstrate that Bennett was personally responsible for his alleged failure to receive the letters. *See Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) ("To establish personal liability under § 1983 . . . , the plaintiff must 'affirmatively show[] that the official charged acted personally in the deprivation of the plaintiff's rights.'" (quoting *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)). Moreover, Miller has not shown that his alleged failure to receive the letters was the result of anything other than mere negligence, and "negligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995); *see also Safar*, 859 F.3d at 245 ("[I]nsofar as plaintiffs' claims sounds in

---

[5] Miller does not request any form of injunctive relief other than "[g]etting released." Compl. ¶ F.

generic negligence, the Due Process Clause 'is simply not implicated' by acts of official carelessness.") (quoting *Daniels v. Williams*, 474 U.S. 327, 328 (1986)).

Finally, "members of the Parole Board, who perform a quasi-judicial function, are immune from suits for damages under 42 U.S.C. § 1983." *Franklin v. Shields*, 569 F.2d 784, 798 (4th Cir. 1977). Thus, to the extent Miller seeks to recover damages for any decision made by Bennett during her appointment to the Parole Board, Bennett is entitled to quasi-judicial immunity.

## IV. CONCLUSION

For these reasons, the court will grant Bennett's motion for summary judgment.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 19th day of August, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE